# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| RONALD EARL ASH, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:10-CV-55-CDL-GMF |
| | * | 42 U.S.C. § 1983 |
| W.W. ADAMSON, | * | |
| Defendant. | * | |

## RECOMMENDATION OF DISMISSAL

Plaintiff (who also goes by the name Ronald Earl Rushin) has filed the above styled case pursuant to 42 U.S.C. § 1983, alleging in his complaint that the Defendant is allowing drug activity at the Muscogee County Prison.[1] (R-1, p. 3). Plaintiff further alleges that the Defendant is filing false work reports, stealing laden bills, not filing positive drug tests on inmates, covering up a massive drug cartel run by the officers. *Id.* Plaintiff seeks closure of the Muscogee County Prison as well as a transfer to Mitchell County. *Id.*

### Preliminary Review

Plaintiff's above styled Complaint filed under 42 U.S.C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion

---

[1] A review of Plaintiff's previous filings establishes that he has repeatedly filed similar claims against the wardens of the various prisons and jails in which he has been incarcerated, each of which has been dismissed. *See* United States District Court for the Northern District of Georgia Case Numbers: 1:07-cv-1166; 1:05-cv-1699; 1:05-cv-2564.

> of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

Likewise, a court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

The United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978).

In this case, Plaintiff fails to allege that any constitutional rights have been violated, but rather, merely alleges that the Defendant is covering up drug activity at the prison, falsifying work reports and stealing laden bills. As such, Plaintiff has failed to state a viable § 1983 claim, pursuant to the ruling in *Flagg Bros. v. Brooks,* as he has failed to allege what, if any, right, privilege or immunity guaranteed by the Constitution, he has been deprived of. Additionally, Plaintiff's

complaint reveals that he has alleged no physical injury resulting from the abovementioned actions.

The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Eleventh Circuit Court of Appeals has held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). Plaintiff has made no allegation of physical injury and the factual allegations asserted by him do not indicate any such injury.

WHEREFORE, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED without prejudice as frivolous and for failing to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

So RECOMMENDED, this 26th day of May, 2010.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw